UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT LEE BROWN,

    Petitioner,

v.                                            Case No. 1:16cv42/MP/CJK

JULIE L. JONES,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 4). Respondent seeks dismissal of the petition on grounds of procedural default. (Doc. 13). Petitioner has responded in opposition. (Doc. 15). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings before the court show that petitioner's claims are procedurally defaulted, and that the petition should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a state inmate currently incarcerated at Okaloosa Correctional Institution. Petitioner is challenging a disciplinary conviction he received on May 19, 2015, for inciting a riot (DR #150-150554). (Doc. 4, p. 1). As a result of the disciplinary conviction, petitioner was placed in disciplinary confinement for 60 days and lost 90 days of gaintime. The conviction also led to petitioner's placement on close management. (*Id.*). Petitioner served his time in disciplinary confinement and, on February 16, 2016, filed his original federal habeas petition in this court. (Doc. 1). Petitioner was released from close management on May 23, 2016. (Doc. 15, p. 2, ¶ 4). In this habeas action, petitioner seeks to have the disciplinary conviction expunged and his 90 days of gaintime restored, claiming he was denied his Fourteenth Amendment right "to be heard" and that the conviction constitutes cruel and unusual punishment. (Doc. 1, pp. 5, 14; Doc. 15, p. 2, ¶ 4).

With regard to exhaustion, petitioner states that he appealed the disciplinary conviction by submitting formal grievances to the Warden on May 31, 2015 and June 7, 2015, in grievance log numbers 1506-119-016 and 1506-119-143. (Doc. 1, p. 6). After his formal grievances were denied, petitioner sought further review by appealing to the Office of the Secretary on June 4, 2015, and June 18, 2015, but he never received a response. (Doc. 1, pp. 5, 6). Petitioner asserts that the Secretary's

failure to respond to his administrative appeals made it "impossible" for him to exhaust his state judicial remedies. (Doc. 1, p. 5).

Respondent asserts that even assuming for purposes of argument that petitioner did not receive a response to his appeals to the Office of the Secretary, his state judicial remedies were still available to him, and he was required to exhaust them prior to seeking federal habeas relief. Respondent argues that because petitioner failed to exhaust his state judicial remedies and is now procedurally barred from doing so, his claims are procedurally defaulted and barred from federal habeas review. (Doc. 13).

## DISCUSSION

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[1] thereby giving the state the "'opportunity to pass upon and correct'

---

[1] Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

   (A)  the applicant has exhausted the remedies available in the courts of the State; or

   (B) (i)  there is an absence of available State corrective process; or

      (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
  . . . .

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for

---

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*Case No. 1:16cv42/MP/CJK*

the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

In Florida, a challenge to a prison disciplinary proceeding is properly filed as a petition for writ of mandamus in the Leon County Circuit Court. *See Bush v. State*, 945 So. 2d 1207 (Fla. 2006); *Woullard v. Bishop*, 734 So. 2d 1151, 1152 (Fla. 1st DCA 1999) (holding that a petition for writ of mandamus is the appropriate remedy for seeking review of a prison disciplinary proceeding allegedly conducted in violation of constitutional requirements or the rules of the Department of

Corrections). If mandamus relief is denied, the prisoner may seek further review by filing a petition for writ of certiorari in the Florida First District Court of Appeal. A challenge to placement on close management is properly filed as a petition for writ of habeas corpus in the appropriate circuit court. *See Kendrick v. McNeil*, 6 So. 3d 657 (Fla. 1st DCA 2009).

The parties do not dispute that petitioner did not pursue mandamus, habeas corpus, or certiorari relief in the state courts. (Doc. 13, pp. 3, 5). Petitioner instead came directly to this court. Petitioner's failure to receive a response to his administrative appeals to the Office of the Secretary does not render state judicial remedies unavailable, nor does it excuse his procedural default. The Florida Administrative Code provides the Office of the Secretary 30 days in which to respond to an administrative appeal. *See* Fla. Admin. Code r. 33-103.011(3)(c). If a response is not provided within 30 days and the inmate has not agreed to extend that deadline, the inmate "shall be entitled to proceed with judicial remedies as he would have exhausted his administrative remedies." Fla. Admin. Code r. 33-103.011(4).

With regard to judicial remedies, Florida law establishes a 30-day period of limitation for a state prisoner to file a state court action seeking review of a prisoner disciplinary proceeding. Section 95.11(8) provides:

> Any court action challenging prisoner disciplinary proceedings conducted by the Department of Corrections pursuant to s. 944.28(2) must be commenced within 30 days after final disposition of the prisoner disciplinary proceedings through the administrative grievance process under chapter 33, Florida Administrative Code. Any action challenging prisoner disciplinary proceedings shall be barred by the court unless it is commenced within the time period provided by this section.

Fla. Stat. § 95.11(8). In upholding the constitutionality of Section 95.11(8), the Florida Supreme Court recognized that the 30-day period begins to run when administrative remedies are exhausted. *Kalway v. Singletary*, 708 So. 2d 267 (Fla. 1998).

Here, assuming to petitioner's benefit that his allegation is true concerning his failure to receive a response from the Office of the Secretary to his administrative appeals, his administrative remedies were deemed exhausted, by operation of Fla. Admin. Code r. 33-103.011(4), thirty days after his appeals were received in the Central Office. At that point, petitioner was entitled (in fact, required) to proceed with exhausting his judicial remedies. Petitioner failed to do so. As over one year has passed since petitioner's administrative remedies were exhausted (well beyond the 30-day limitations period provided by Section 95.11(8)), petitioner's claims are procedurally defaulted.[2] Petitioner has made none of the requisite showings to

---

[2] Petitioner's challenge to his placement on close management is also moot in light of his release from close management. *See Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003).

Case No. 1:16cv42/MP/CJK

excuse his procedural default. Petitioner's procedural default bars federal habeas review of his claims.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That petitioner's amended petition for writ of habeas corpus (doc. 4) be DISMISSED WITH PREJUDICE.

2. That the clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 18th day of January, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.